## STRIKE v. FLOOR.

No. 6069.   Decided July 25, 1939.   (92 P. 2d 867.)

Rehearing denied October 11, 1939.

266

A. U. Miner, of Salt Lake City, for appellant.

N. J. Cotro-Manes, of Salt Lake City, for respondent.

HOYT, District Judge.

In this case the plaintiff (respondent) recovered judgment in the district court against the defendant (appellant) for the sum of $508 paid by plaintiff on a claim which it is alleged defendant had agreed and obligated himself to pay. From this judgment the defendant appeals and assigns numerous errors including alleged errors in rulings of the trial court upon the pleadings and introduction of evidence. It appears necessary, therefore, to set forth the allegations of plaintiff's complaint somewhat fully. The complaint was filed January 12, 1938, and contains the following allegations:

1. That on the 4th day of October, 1934, the said plaintiff and defendant were, and for several years prior thereto, have been the owners of all the capital stock of the L. N. Strike Amusement Company, a corporation, organized and existing under the laws of the State of Utah, each of them owning 3,300 shares thereof. That at said times, said L. N. Strike Amusement Company owned and operated the Star Theatre, a moving picture theatre located at 72 East 1st South Street, Salt Lake City, Utah; and it owned the seats and other fixtures and furnishings situated in said theatre, together with the lease of said premises and the lease of certain sound equipment used in said theatre business. That said sound equipment was owned by the Electrical Research Products, Inc., and was held and used by said L. N. Strike Amusement Company under a written lease for a term of years with an option of renewal at a weekly rental of $17.36. That in the business of said L. N. Strike Amusement Company many obligations for the payment of money have been incurred, some in the name of said company, and others in the names of said Star Theatre and said L. N. Strike, for its use and benefit.

2. That said plaintiff desired to retire from said business, and on the 4th day of October, 1934, the plaintiff and one B. E. White entered into a written contract, whereby the plaintiff agreed to sell and said B. E. White agreed to buy the plaintiff's said interest in said L. N. Strike Amusement Company, consisting of said 3,300 shares of the capital stock of said company, and the undivided one-half interest in the property belonging to and used in connection with the said Star Theatre business, including the lease of the premises and the lease of said sound equipment, all hereinbefore described. That by the terms of said contract the plaintiff agreed to obtain the dissolution of said corporation and to discharge all of the outstanding obligations and liabilities of every kind and nature then against said L. N. Strike Amusement Company, and Star Theatre, and agreed to give said B. E. White a bill of sale of said capital stock and other

property warranting the title to said property against all claims and demands of every person or persons, whosoever, lawfully claiming or to claim an interest in the same; and thereby further agrees as follows: That said B. E. White agreed to pay the plaintiff $10,000 for said property, payable $4,000 at the execution and delivery of said contract, and $6,000 when the obligations of said L. N. Strike Amusement Company were fully paid and after the dissolution of said corporation.

3. That on the said 4th day of October, 1934, the plaintiff and defendant, in consideration of the agreement herein above described and the mutual promises hereinafter set forth, entered into a written agreement, a copy of which is marked Exhibit A, is hereto attached and made a part hereof.

4. That thereafter, on February 1st, 1935, and before the decree of dissolution of said L. N. Strike Amusement Company, hereinafter mentioned, the plaintiff as party of the first part and A. B. Floor and George E. Floor as parties of the second part, entered into a written agreement, a copy of which is hereto attached marked Exhibit B and made a part hereof.

5. That an application for the dissolution of said corporation, the L. N. Strike Amusement Company, in form as required by law, was duly filed in the District Court of Salt Lake County, Utah, and such proceedings were had therein that upon objections duly filed to said application the said corporation was by the order of said court, required to pay the claim and demand of said Electrical Research Products, Inc., in the sum of $508; and thereafter, on the 1st day of February, 1935, said court found that all claims and demands against said corporation have been satisfied and discharged and that all other statements made in said application were true, and duly made its decree, declaring the said corporation dissolved. That as hereinbefore alleged and made to appear it was necessary to pay the claim of said Electrical Research Products, Inc., in the said sum of $508, and said

plaintiff paid said sum to said Electrical Research Products, Inc., on the 1st day of February, 1935, to the end that said corporation, the L. N. Strike Amusement Company might be dissolved in accordance with agreements entered into by and between the parties in this action and said B. E. White; and said payment was made by the plaintiff *at the request of the defendant* and pursuant to their agreements to said B. E. White to discharge all of the outstanding obligations and liabilities of every kind and nature against said L. N. Strike Amusement Company and said Star Theatre.

6. That on the 16th of February, 1935, the plaintiff in pursuance of his said agreement with the defendant and George E. Floor, hereinbefore described as Exhibit B, commenced an action against said B. E. White, in the City Court of Salt Lake City, Utah, the object of which was to determine the claim of said Electrical Research Products, Inc., was due and payable at the time the plaintiff paid the same or whether the same was due and payable in weekly installments running up to the year 1936, and to determine whether said B. E. White had assumed and agreed to pay rentals in connection with the sound equipment contract with the Electrical Research Products, Inc., hereinbefore mentioned and described. That thereafter such proceedings were had in said action in said City Court, and on appeal in the District Court of Salt Lake County, Utah, and in the Supreme Court of the State of Utah, *Strike* v. *White,* 91 Utah 170, 63 P. 2d 600, that said Supreme Court on the 31st day of December, 1936, duly gave its decision in said action whereby it was determined that the money to wit: $508, paid by the plaintiff to said Electrical Research Products, Inc., was an obligation of said L. N. Strike Amusement Company, and that said B. E. White had not assumed or agreed to pay any of the rental accruing under the lease agreement. That whether the whole of said sum of $508 was due and payable under said lease agreement at the time that the plaintiff paid the same to wit: February 1st, 1935, or whether the same was due and payable at weekly rates

running up to the year 1936, such rentals aggregating the sum of $508, have long since accrued under said lease agreement.

7. That the plaintiff has demanded payment of said defendant A. B. Floor of said sum of $508, but no part thereof has been paid; that $100 is a reasonable attorneys' fee to be recovered by the plaintiff in this action.

"Exhibit A. Agreement. This agreement entered into by and between L. N. Strike, hereinafter called the party of the first part, and A. B. Floor, hereinafter called the party of the second part, both of Salt Lake City, Utah, witnesseth:

"Whereas, the party of the first part, the said L. N. Strike, has sold and disposed of his right, title and interest in the L. N. Strike Amusement Company, a corporation, and the Star Theatre, and,

"Whereas, the said party of the first part, the said L. N. Strike has undertaken and agreed to pay and discharge George N. Strike for all sums justly due to him for moneys advanced to the L. N. Strike Amusement Company and to the Star Theatre, and

"Whereas, the said party of the first part, the said L. N. Strike, has further undertaken to pay and discharge all claims and demands of every kind and nature which the Western Laundry Press Company may owe,

"Now therefore, in consideration of the premises, and the party of the first part paying and discharging the obligations aforesaid it is hereby agreed that the party of the second part, the said A. B. Floor, does hereby assume and agree to pay and discharge any and all indebtedness now outstanding and against the L. N. Strike Amusement Company and the Star Theatre, and all other claims and demands of whatsoever kind and nature now existing against said L. N. Strike Amusement Company and said Star Theatre, which the said L. N. Strike may have contracted personally but for the use and benefit of the Star Theatre and the said L. N. Strike Amusement Company, and which are designated as two accounts which said L. N. Strike contracted personally, to-wit: Davis & Howe Company, relative to the filmfone account, and Granite Furniture Company, relative to the Gem Theatre at Provo, Utah.

"All of said outstanding debts and accounts against the said L. N. Strike Amusement Company and Star Theatre, save and except the two specific claims hereinabove enumerated to be paid within 90 days from date hereof, or before the decree of dissolution of the L. N. Strike Amusement Company is signed by the court. All receipts and disclaimers to be delivered to said L. N. Strike, the party of the first part, within said period aforesaid.

"It is further agreed and understood that in the event the party of the second part, and said A. B. Floor, refuses, neglects, or fails to pay and discharge all the outstanding accounts as aforesaid within said time aforesaid, in that event the party of the first part, the said L. N. Strike, may pay and discharge said accounts and the said party of the second part, the said A. B. Floor, does hereby agree to reimburse said L. N. Strike for all such sum or sums so paid on demand, together with interest thereon at the rate of 8 per cent per annum and a reasonable sum as attorney fees for enforcing said demand.

"In witness whereof, the parties hereto have set their hands and seals this 4th day of October, 1934.

"L. N. Strike,

"Party of the First Part.

"A. B. Floor,

"Party of the Second Part."

"Exhibit B. Agreement. This agreement entered into by and between L. N. Strike, party of the first part, and A. B. Floor, and George E. Floor, parties of the second part, all of Salt Lake City, Utah, witnesseth;

"Whereas, the party of the first part, the said L. N. Strike, was obligated to pay and discharge the Electrical Research Products Inc., for the sum of $508, which obligation was the obligation of A. B. Floor, the party of the second part, under that certain agreement entered into by and between the said L. N. Strike, and A. B. Floor dated October 4, 1934, and,

"Whereas, the said L. N. Strike, and A. B. Floor, are at differences whether the said sum of $508, is now due and payable to the said Electrical Research Products Inc., or whether the same is due and payable at weekly rates running up to the year 1936, and,

"Whereas, it is necessary to pay and clear the said account in order that the corporation may be dissolved as per other agreements entered into by and between the said parties and one B. E. White,

"Now therefore, the parties herein entered into the following agreement:

"The said L. N. Strike to have and recover from said A. B. Floor, and George E. Floor the sum of $508, together with interest thereon at the rate of 8 per cent per annum, if the City Court of Salt Lake City, holds that said account was due and payable when the same was paid, and in the event the said City Court holds that said account was not due and payable, in that event, the said sum aforesaid is to be paid by the Star Theatre, this being an obligation of the L. N. Strike Amusement Company, and in the event that the said City Court holds that said obligation was due and payable, in that event the said A. B. Floor, and George E. Floor, agree to pay to said L. N. Strike

the sum aforesaid within six (6) months from date of judgment, or decision of the court.

"It is further agreed and understood by and between the parties herein, that said party of the first part, L. N. Strike does hereby assume to commence an action in the City Court to determine whether or not the aforesaid sum was due and payable as aforesaid, or was to be paid as per the contract between the L. N. Strike Amusement Company and the Electrical Research Products Inc., on weekly rates.

"The parties of the second part, do hereby agree and undertake to pay the sum of twenty-five ($25.00) dollars, towards the expenses and attorney fees in bringing said action. The consideration of this agreement is the said L. N. Strike paying the aforesaid account, and the further consideration of one ($1.00) dollar, paid by each party to the other, the receipt of which is hereby acknowledged.

"In witness whereof, the parties hereto have set their hands and seals this 1st day of February, 1935.

> "L. N. Strike,
> "Party of the First Part.
> "George Floor,
> "A. B. Floor,
> "Parties of the Second Part."

The plaintiff prayed judgment against defendant for the sum of $508 with interest from February 1, 1935, and attorney fees.

The defendant demurred to the complaint upon the ground (1) insufficiency of facts to state a cause of action, (2) that it cannot be ascertained whether plaintiff sues upon Exhibit A or B or whether the suit is upon contract or otherwise, (3) that there is a defect in parties defendant, in that the contract Exhibit A was executed by one defendant, A. B. Floor, and Exhibit B was signed by George Floor and A. B. Floor, (4) that several causes of action are improperly united. Defendant also filed a motion to strike various portions of the complaint and a motion for an order to require the plaintiff to make his complaint more definite and certain, for the reason that it cannot be determined whether plaintiff is suing in contract, and if in contract upon which contract, A or B, or upon some other theory. Defendant's demurrer and motion were overruled and denied and defendant filed answer admitting the allegations of paragraphs

1 and 2 and the execution of the two agreements referred to in the complaint but denying that plaintiff paid $508 to Electrical Research Products, Inc., at request of defendant. Defendant further alleged that the contract set forth as Exhibit B has been fully performed, in that the City Court of Salt Lake City, in case No. 94359, after trial of the issues based upon said contract, adjudged the defendant free from any liability under said contract and entered a judgment in favor of the defendant herein and against the plaintiff and that said case was appealed to the Third District Court and is now pending as Case No. 59758 in that court for trial. The defendant also affirmatively alleged that the plaintiff is barred from bringing this action as the issues set forth in the complaint herein were determined in an action by the plaintiff against the defendant in case No. 89124 in the City Court of Salt Lake City, which suit was based upon the agreements referred to herein as Exhibits A and B, and in said suit in the City Court judgment was entered in favor of the defendant herein which judgment is now a bar to the plaintiff.

The case was tried before the court without a jury. The court found the allegations of the complaint to be true and concluded that the claim of Electrical Research Products, Inc., for the sum of $508 was an obligation of the L. N. Strike Amusement Company, which by the terms of the contract Exhibit A, the defendant herein agreed to pay, and that by reason of his agreement with the plaintiff contained in Exhibit B the defendant is estopped from denying that he agreed to pay said claim. Pursuant to these findings and conclusions judgment was entered in favor of plaintiff.

The defendant has made twenty-eight assignments of error. These will be discussed in the order in which they are argued in defendant's brief. The first point argued is that the court erred in overruling defendant's demurrer and motion above mentioned. The defendant asserts ■ that it cannot be ascertained whether plaintiff bases his alleged right of recovery upon the contract referred to as

Exhibit A or the contract referred to as Exhibit B, or a mingling of the two. Defendant argues that the subsequent agreement, Exhibit B, superseded the former agreement which was in effect cast aside and should be eliminated from consideration by the court. In ruling upon defendant's demurrer and motion and his objection to the introduction of evidence, the court evidently was of opinion that the two agreements must be considered together in order to get at the intent of the parties. We are of opinion that this was the correct view and that the demurrer, motion and objection to introduction of evidence were properly overruled. The language of Exhibit B indicates that both parties then considered the defendant was bound by the terms of Exhibit A to pay the Electrical Research Products, Inc., claim, but disagreed as to when the payment was required to be made. In view of the indefinite and contradictory language of Exhibit B it was proper and necessary to consider the two contracts together. The language used in Exhibit A referring to obligations assumed by defendant was sufficiently broad to require the defendant to pay the indebtedness owing to the Electrical Research Products, Inc., If, on February 1, 1935, it had been the intention of the parties to release the defendant from his obligation to pay this claim it seems unreasonable to believe they would not have used more positive language to effect such release.

Defendant next, under his assignments of error 1, 4, 8, 11, 14, 17, 21, 26, 27, and 28, discusses the meaning and effect of Exhibit B and argues that the language of this agreement is plain and unambiguous and shows that the defendant and George E. Floor were to repay to plaintiff the sum of $508 paid by him to the Electrical Research Products, Inc., only if the City Court decided that it was an account which was due and payable when plaintiff paid it, and that if it was not then due and payable the Star Theatre, Inc., was to pay it. With this contention we cannot agree. The language of Exhibit B is not unambiguous and when it is considered that the Star Theatre, Inc., is not

named as a party to the agreement and there is no evidence of authority by defendant or George E. Floor to bind the Star Theatre, Inc., we are of opinion that the trial court was right in holding that the agreement, Exhibit A, was not cast aside or eliminated from consideration by the signing of the agreement, Exhibit B. It should be noted here that the language used in Exhibit B is not "Star Theatre, Inc.," but "Star Theatre," and that that was a name which had been used by the L. N. Strike Amusement Company prior to the sale by Strike and Floor to B. E. White. When Exhibit B is considered in connection with Exhibit A and the testimony presented at the trial, we think the court was justified in holding that there was no intention by the parties to discharge the defendant from liability to pay to plaintiff the amount which he was compelled to pay the Electrical Research Products, Inc., in order to carry out his agreement with B. E. White. The defendant argues that the mutual release agreement (Exhibit C) executed by plaintiff and defendant concurrently with the execution of Exhibit B, constitutes a release of defendant from all liability to the plaintiff except his liability under Exhibit B. We are of opinion, however, that the language used in this mutual release does not clarify the ambiguity of the language used in Exhibit B and that for this reason Exhibits A, B and C must be read together and considered in connection with the testimony at the trial in order to arrive at an understanding of the intention of the parties.

The next point argued by defendant is that the court erred in refusing to receive in evidence the files in City Court case No. 94359, which on appeal to the district court is identified as No. 59758. That was an action brought by the plaintiff herein against B. E. White and A. B. Floor, co-partners doing business under the firm name of Star Theatre, and Star Theatre, Inc., a corporation. It is argued that the allegations contained in paragraph 3 of the defendant's answer relating to that case was intended as and amounts to a plea in abatement. As pointed out by

plaintiff's counsel the record indicates that the trial court was not called upon to rule whether or not the files referred to were admissible in evidence to sustain a plea of pendency of a former action. It appears doubtful from the record whether defendant intended to raise that issue at the trial. Without ruling upon the sufficiency of defendant's plea or offer of this evidence, however, we are of opinion that the files in the case referred to do not sustain or tend to sustain a plea of pendency of a former action, and that the trial court therefore did not err in this ruling. An examination of the complaint in the case referred to shows that the basis for plaintiff's claim in that case is not the same as that upon which the court awarded judgment in this case. In that case the plaintiff did not set up or sue upon either of the agreements herein referred to as Exhibits A and B. He did allege and based his complaint upon it, that he made payment of $508 to Electrical Research Products, Inc., at the request and for the benefit of B. E. White and A. B. Floor (defendant herein). In this case he alleged payment of the same item of $508 to the same company on account of the same rental of sound equipment and that the payment was made at request of defendant A. B. Floor. But he also set up the agreements Exhibits A and B and based his recovery upon these agreements. It is apparently conceded by plaintiff that in both cases he is suing for the same item of $508 paid by him to the electrical company and that a recovery in the first action would bar a recovery in this action. But that alone does not constitute a plea of pendency of such action a good plea in bar or abatement of this action. Plaintiff, under his complaint in the former action, might fail in his suit and yet have a good cause of action against defendant under his complaint herein. One of the tests as to sufficiency of a plea of pendency of another action to abate a second action is whether or not a failure to recover under the facts pleaded as the basis of the former action will necessarily operate to bar plaintiff under the facts pleaded as the basis of the second action. 1 C. J. S., Abatement and Revival, page

69, § 42 b. It is obvious from the court's findings and conclusions that the defendant was held liable in this case by reason of his express agreements with plaintiff and not by reason of any implied agreement or liability under the facts set up in the former case. The ruling of the court in refusing to admit the files in No. 59758 was therefore not prejudicial to defendant.

The next point argued by defendant is that there is a defect of parties defendant, in that George E. Floor should have been included as a defendant. The assignments of error relied upon in support of this point are (1) that the court erred in overruling defendant's demurrer alleging defect of parties, and (5) that the court erred in admitting Exhibit B in evidence. It is argued that an obligation by two or more persons is a joint obligation and that by the provisions of Section 104-3-16 the plaintiff was required to join George E. Floor as a party defendant.

The defendant was certainly not prejudiced by the reception in evidence of Exhibit B. His answer admitted the execution of this agreement and he based his defense upon it and a release relating to it. As to the necessity of joining George E. Floor as a defendant, it is at least doubtful if defendant's demurrer was sufficient to raise the issue and the answer makes no mention of it. But, assuming that the issue was raised by the demurrer, we are of opinion that George E. Floor was neither an indispensable nor proper party to the action. He bound himself by Exhibit B only if the city court found that the account paid by L. N. Strike to the Electrical Research Products, Inc., was due and payable when the same was paid by Strike. There was no such finding or adjudication by the city court. No cause of action existed as against George E. Floor. The defendant was liable without any such finding by the city court by reason of having agreed by the terms of Exhibit A to pay all outstanding liabilities of the L. N. Strike Amusement Company (excepting certain enumerated claims not including this) and Exhibit B recites that the liability to

the electrical company was an obligation of the L. N. Strike Amusement Company.

Defendant next argues that the court erred in failing to find that the "mutual release and agreement," Exhibit C, effectively terminated any right plaintiff had under Exhibit A. This release was executed by plaintiff and defendant concurrently with Exhibit B and recites that "the parties herein mutually release each other from all claims and demands from the beginning of the world to this date, save and except all outstanding notes executed by A. B. Floor in favor of L. N. Strike, and that certain agreement dated the 1st day of February 1935 whereby A. B. Floor with one George E. Floor obliged themselves to pay $508 under the terms of said agreement."

The release contains the further recital that defendant is to pay the Davis Howe and Granite Furniture Company claims, referred to in Exhibit A, and also:

"It is further agreed and understood by and between the parties herein, that all outstanding indebtedness against said L. N. Strike Amusement Company have been paid and discharged and that there is no outstanding indebtedness now against said L. N. Strike Amusement Company, but in the event any such indebtedness now existing and not now known to the parties herein, such indebtedness are to be paid and discharged by A. B. Floor in accordance with the contract of October 4, 1934."

As hereinbefore indicated, we are of opinion that, in order to arrive at the intention of the parties in executing Exhibit B, it is necessary to refer to Exhibit A. It follows that in giving effect to an instrument purporting to release all claims except Exhibit B the court must refer to and consider Exhibit A. We therefore hold that the court did not fail to give proper consideration and effect to Exhibit C.

Defendant's final argument is that the court erred in its conclusion of law No. 3 for the reason that this conclusion appears to be based upon a theory of implied contract arising out of an erroneous finding that defendant requested

plaintiff to pay the claim of the electrical company. With this we cannot agree. We think it appears clearly enough from conclusions of law Nos. 1 and 2, which are referred to in No. 3, that the court based its conclusions and judgment upon the agreements signed by defendant, Exhibits A and B, and not upon any theory of implied contract.

Finding no material error the judgment will be affirmed, with costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.

McDONOUGH, J., being disqualified, did not participate herein.