402 P.2d 699

Keith C. WALLACE and Ada B. Wallace, his wife, Plaintiffs and Respondents,

v.

BUILD, INC., a Utah corporation, Defendant and Appellant.

No. 10140.

Supreme Court of Utah.

June 9, 1965.

---

Horace J. Knowlton, Salt Lake City, for appellant.

Kirton & Bettilyon, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiffs sued to foreclose a real estate mortgage. Defendant set up as a defense breach of a separate contract and counterclaimed for specific performance. Plaintiffs prevailed and defendant appeals.

In February, 1962, Keith C. Wallace (herein referred to as Wallace) and Richard J. Stromness, President and functioning officer of defendant Build, Inc. (herein for convenience both referred to as Stromness) transacted the following:

(1) Wallace deeded by quit-claim all of his interest, but what was only a partial interest, in property known as the Bonnie Brae Apartments at 32 West 7th South, Salt Lake City, to Stromness for consideration including two notes payable to Wallace by defendant. The first note was for $8,000 secured by a mortgage on property owned by Stromness at 627–635 Fourth Avenue in Salt Lake City; and the second note, the one with which we are concerned here, was for $6,068.38 secured by a deed of trust on the Bonnie Brae Apartments; and

(2) The parties agreed in writing to form a corporation which would construct, own and operate an apartment house on the latter property at 627–635 Fourth Avenue, to be known as the Cliff de Villa, provided that they could obtain financing. Wallace was to contribute the two promissory notes to the corporation and Stromness was to contribute the land and to construct the apartment house.

Subsequent to the above occurrences the parties attempted unsuccessfully for about two months to obtain financing. Several months later, in November, 1962, Stromness, without the knowledge of or any participation on the part of Wallace, obtained a loan of $120,000 from Western Savings and Loan in his own name and through an intermediary bank, used part of this money to pay off the $8,000 note and mortgage owed to Wallace. He proceeded to use the remainder of the money to commence construction on the Cliff de Villa Apartments on Fourth Avenue. In late January, 1963, Wallace happened to notice the construction and phoned Stromness and learned about Stromness' activities. However, he was invited to join the venture in accordance with

their original plan. Wallace declined on the ground that he had not been informed nor allowed to participate in the arranging of the loan, or of the terms of payment, or of the construction of the apartment. He then instituted this action to collect the second note, for $6,068.38 plus interest and to foreclose the trust deed.

The position of the defendant is that the plaintiff should be precluded from collecting the note; first, because he breached his agreement to enter into the apartment house project, and second, because he did not convey full title to the Bonnie Brae property.

We are quite in accord with the defendant's contention that the various dealings of the parties should be considered together.[1] Under the usual rule of review we are obliged to survey the evidence in the light most favorable to the trial court's findings and judgment.[2]

It would serve no useful purpose to go into any extensive detail about the evidence supporting the trial court's refusal to find that the plaintiff was guilty of a breach of contract which should preclude his recovery on the note and mortgage. Even though it is clear that the parties had entered into an agreement to go in together on the apartment project, the evidence shows facts tending to support the conclusion that they had abandoned it: there was a lapse of several months without any activity in furtherance of the plan; thereafter Stromness went ahead and negotiated for and obtained the loan in his own name and defendant proceeded with the construction without any knowledge, consent or participation on the part of the plaintiff. It is also significant that Stromness caused one of the notes to be paid to Wallace, which note was to have been contributed to the enterprise. Under such circumstances the trial court was amply justified in regarding this as a situation where the defendant had shown by unequivocal acts that he regarded the agreement as abandoned, and that the plaintiff had acquiesced in this;[3] and accordingly there was no proper basis upon which the defendant could complain of breach of contract by the plaintiff.

The defense that the plaintiff should not be allowed to recover because he

---

1. Strike v. Floor, 97 Utah 265, 92 P.2d 867.
2. Buehner Block v. Glezos, 6 Utah 2d 226, 310 P.2d 517.
3. Monroe v. Fetzer, 56 Wash.2d 39, 350 P.2d 1012; cases cited in Sauder v. Dittmar, 118 F.2d 524, (10th Cir. 1941); also see Restatement, Contracts § 406b

(1932): " * * * Sometimes even circumstances of a negative character, such as the failure by both parties to take any steps looking towards the enforcement or performance of a contract, may amount to a manifestation of mutual assent to rescind it."

did not convey to defendant full title to the Bonnie Brae property is likewise unpersua-sive. The evidence would not compel a finding by the trial court in defendant's favor. The record does not disclose that Wallace warranted full title to that property. One indication of this is that the conveyance to the defendant was by quit claim deed, which gives only plaintiff's interest and implies nothing more.[4] Another point in favor of the trial court's view is that it is shown that the defendant obtained four other quit claim deeds and one warranty deed to that property or portions of it.

The defendant also complains the amount of $1,056 allowed by the court to plaintiff as an attorney's fee. The question of what is a reasonable attorney's fee in a contested matter is not necessarily controlled by any set formula. What is reasonable depends upon a number of factors, the amount in controversy, the extent of services rendered and other factors which the trial court is in an advantaged position to judge.[5]

Affirmed. Costs to plaintiffs (respondents).

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ., concur.

4. Nix et al. v. Tooele County, 101 Utah 84, 118 P.2d 376.

5. See Thatcher et al., v. Industrial Comm., 115 Utah 568, 207 P.2d 178.