**FASHION PLACE ASSOCIATES, a limited partnership, Plaintiff and Respondent,**

v.

**GLAD RAGS, INC., a Utah corporation, Defendant and Appellant.**

No. 20514.

Supreme Court of Utah.

May 13, 1988.

Ralph C. Petty, Salt Lake City, for defendant and appellant.

Scott Berry, Salt Valley City, for plaintiff and respondent.

HOWE, Associate Chief Justice:

Respondent Fashion Place Associates sued to recover damages for breach of a lease by its tenant, appellant Glad Rags, Inc. The trial court found that Glad Rags had breached the lease by abandoning the premises and awarded Fashion Place damages, costs, and attorney fees in the amount of $17,077.59. Glad Rags appeals, claiming that the trial court erred because Fashion Place sustained no monetary damage on account of the breach.

The lease provides in relevant part:

### Article 22
### DEFAULTS BY TENANT

... [S]hould the Tenant vacate or abandon the premises; then the Landlord may treat the occurrence of any one or more of the foregoing events as a breach of this Lease, and in addition to any or all other rights or remedies of the Landlord hereunder and by the law provided, it shall be, at the option of the Landlord, without further notice or demand of any kind to Tenant or any other person:

(a) The right of the Landlord to declare the term hereof ended and to re-enter the premises and take possession thereof and remove all persons therefrom, and the Tenant shall have no further claim thereon or thereunder; or

(b) *The right of the Landlord* without declaring this Lease ended to re-enter the premises and occupy or lease the whole or any part thereof for and on account of the Tenant and upon such terms and conditions and for such rent as the Landlord may deem proper and *to collect said rent and* any other rent that may thereafter become payable *and apply the same toward the amount due or thereafter to become due from the Tenant ...; or*

(c) The right of the Landlord, even though it may have relet said premises, to thereafter elect to terminate this Lease and all of the rights of the Tenant in or to the premises.

(Emphasis added.)

Under the lease, Glad Rags was obligated to pay rent of $1,133.33 per month. Before the end of the term of the lease, Glad Rags, after giving notice to Fashion Place, moved out of the premises. A vacancy existed for fifteen months, when Fashion Place divided the premises into two spaces and relet them at a total rent of $2,606.67 per month. From that time forward, Fashion Place thus received $1,473.34 each month in excess of Glad Rags' monthly liability under the lease. Fashion Place brought this action claiming arrearages of $24,467.87 owing by Glad Rags for rent and other charges under the lease for the fifteen months the premises stood vacant. The trial court determined that under Utah Code Ann. § 78–36–12.6 (1987), Glad Rags had abandoned the premises and was liable for the accrued rent and other charges under the lease during the period of vacancy. The court, however, for reasons which do not appear of record, determined Fashion Place's damages to be $12,233 and awarded it attorney fees and costs, bringing the judgment total to $17,077.59.

The trial court erred in awarding damages pursuant to section 78–36–12.6 because there had not been an abandonment within the meaning of that statute. Utah Code Ann. § 78–36–12.3 (1987) defines "abandonment" as vacating the premises without notice by the tenant to the landlord. That did not occur here. Instead, the trial court should have followed the remedy in article 22(b) of the lease, which had been pleaded in Fashion Place's complaint (paragraph 6), that if the tenant should vacate the premises, the landlord may relet the same "for and on account of the Tenant" and apply all rent collected toward the amount due or thereafter to

become due from the original tenant. Article 34(b) of the lease further provides that the landlord may appropriate and apply the security deposit toward the payment of rent due or to become due on the part of the tenant. At the time of trial, Fashion Place had in its possession the security deposit in the sum of $2,267 plus excess rent which it had collected from the two new tenants in the sum of $1,473.34 each month for 21 months. These amounts, when totaled, exceeded the damages claimed by Fashion Place. When that total is credited against Glad Rags' liability as directed by the lease, it is reduced to zero. Fashion Place was not entitled to anything more. See the cases collected in Annotation, *Landlord and Tenant: Respective Rights in Excess Rent When Landlord Relets at Higher Rent During Lessee's Term*, 50 A.L.R.4th 403 (1986).

 Since Fashion Place had incurred no actual damages as a result of Glad Rags' breach of the lease agreement, the trial court erred in awarding damages of $12,-233. However, nominal damages are recoverable upon a breach of contract if no actual damages resulted from the breach. *Turtle Management, Inc. v. Haggis Management, Inc.*, 645 P.2d 667, 670 (Utah 1982). Where nominal damages are allowed, one dollar is the amount generally awarded. *Snyderville Transportation Co. v. Christiansen*, 609 P.2d 939 (Utah 1980). We therefore reduce the award of damages to one dollar.

We are then left to determine the issue of attorney fees. Article 25 of the lease agreement provides:

#### Attorney fees

In the event that at any time during the term of this Lease either the Landlord or the Tenant shall institute any action or proceeding against the other relating to the provisions of this Lease, or any default hereunder, then, and in that event, *the unsuccessful party* in such action or proceeding *agrees to reimburse the successful party for* the reasonable expense of *attorney fees* and disbursements *incurred* therein by the successful party.

(Emphasis added.) The trial court awarded Fashion Place attorney fees and costs in the amount of $4,844.59 on the basis that it was "successful" in recovering damages from Glad Rags; however, as discussed above, the trial court erred in awarding anything more than nominal damages. Where no compensatory damages are awarded, the imprecision of the language used in the lease becomes apparent. Both parties could be described by either of the terms used. Fashion Place was "successful" in proving its legal theory, but was "unsuccessful" in proving anything more than nominal damages. Glad Rags was "successful" in that it avoided the damages sought, but was "unsuccessful" in its counterclaim. Thus, the net result of the litigation leaves us with no clear "successful party" to award fees to and no clear "unsuccessful party" to assess them against. We therefore hold that each party is to bear its own attorney fees and costs.

The judgment is reduced to one dollar and as so modified is affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.