**COTTONWOOD MALL CO.,**
**Plaintiff and Appellee,**

v.

**Wesley F. SINE, dba Cottonwood Bowling Lanes, an individual and Cottonwood Bowling Lanes, Inc., a Utah corporation, Defendants and Appellants.**

**No. 890218.**

Supreme Court of Utah.

March 31, 1992.

Raymond Scott Berry, Julie V. Lund, Salt Lake City, for Cottonwood Mall.

Ronald C. Barker, Mitchell R. Barker, Salt Lake City, for Wesley Sine.

STEWART, Justice:

This case was previously before the Court in *Cottonwood Mall Co. v. Sine*, 767 P.2d 499 (Utah 1988). Defendants Wesley F. Sine and Cottonwood Bowling Lanes ("Sine") now appeal from the amended judgment awarding $39,744.62 in attorney fees to plaintiff Cottonwood Mall Co. ("Cottonwood Mall").

Sine leased space for bowling lanes in the Cottonwood Mall Shopping Center in Salt Lake County, Utah. The twenty-year lease, originally signed by Sine's predecessors, expired September 14, 1981. Prior to expiration, Cottonwood Mall notified Sine that he would be treated as a tenant on a month-to-month basis upon expiration of the lease. In October, 1981, Cottonwood Mall substantially increased the rent and shortly thereafter terminated Sine's month-to-month tenancy. Sine was directed to vacate by November 30, 1981, but held over past that date while the parties attempted to negotiate a new lease. The negotiations failed, and Cottonwood Mall brought this action to recover possession. Sine counterclaimed to enforce an alleged oral agreement, but vacated the premises before trial. The trial court ruled against Sine on the counterclaim and awarded judgment to Cottonwood Mall for the reasonable rental value of the space during the hold-over period. The court, however, contrary to Cottonwood Mall's request, refused to

award attorney fees. Sine appealed the judgment, and Cottonwood Mall cross-appealed, seeking attorney fees.

On appeal, we affirmed the trial court except on the issue of attorney fees. Cottonwood Mall based its claim to attorney fees on the following provision from the 1961 lease:

> If, during the terms of this lease, lessor is required to commence any action to collect any of the rental due under this lease, or to enforce any of the provisions herein, or to secure possession of the leased premises in the event this lease is terminated as herein provided, or at the expiration of the term, lessee agrees, in such event or events, to pay all costs of such action or actions, together with reasonable attorneys' fee.

767 P.2d at 503.

We held that the lease provisions were binding on the parties during the hold-over period, even though the lease had expired. We stated that when the month-to-month tenancy expired on November 30, 1981, "[Sine] had the duty to vacate, and when it failed to do so, the provision for the payment of attorney fees became operative." 767 P.2d at 503.

On remand, Cottonwood Mall's attorney presented an affidavit in support of attorney fees stating that according to his billing records, prejudgment attorney fees, including office costs passed on to Cottonwood Mall, totaled $22,552.17. He added interest at 12% per annum, bringing the total to $39,744.62, and claimed postjudgment attorney fees in the additional amount of $6,641.58. The attorney attached copies of his "office ledger records" to the affidavit, but did not attach individual billing statements because of "their volume and the expense involved in copying each individual statement for the seven years that the case has been pending."

Sine objected to the affidavit, and the trial court denied his request to conduct discovery on the attorney fees issue. Although the parties briefed the issue of the appropriateness of the amount of attorney fees, no evidentiary hearing was held on the issue in the trial court. On May 2, 1990, the trial court granted Cottonwood Mall's motion to amend the judgment for the addition of attorney fees over Sine's objection.

Sine appeals this ruling. Two issues are presented in this appeal: (1) whether the trial court abused its discretion in awarding Cottonwood Mall its entire requested attorney fees without affording Sine either discovery or a hearing on the issue, and (2) whether the lease entitled Cottonwood Mall to recover attorney fees for legal work performed after Sine vacated the leased premises.

█ We turn first to whether Sine was entitled to discovery and a hearing on the attorney fees issue. An award of attorney fees must be based on the evidence and supported by findings of fact. *Cabrera v. Cottrell*, 694 P.2d 622, 625 (Utah 1985). *See also Hal Taylor Assocs. v. Unionamerica Inc.*, 657 P.2d 743, 751 (Utah 1982); *Paul Mueller Co. v. Cache Valley Dairy Ass'n*, 657 P.2d 1279, 1287 (Utah 1982).

█ A party who requests an award of attorney fees has the burden of presenting evidence sufficient to support an award. Except in the most simple cases, the evidence should include the hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work. The evidence may be supplied by affidavit. If the opposing party requests an evidentiary hearing, the party seeking the award should make the supporting data available to the opposing party. Although we do not intend to turn fee award determinations into satellite litigation with full scale discovery, thereby increasing the overall cost of litigation, an adversary-type mechanism through which an opponent to a fee request can examine the accuracy of factual assertions underlying the request must be available. Usually, it will be sufficient if the opponent is provided access to supporting documents such as attorney time records. If necessary, however, a party should have an opportunity to contest the accuracy of the documents by either counter-affidavit or cross-examination of the opposing attor-

ney before the court. Full-blown discovery should rarely be necessary. Generally, formal discovery can be avoided and the issue expeditiously and fairly decided if the trial court insists that the attorneys act forthrightly and with candor toward one another so that procedural fairness will be accorded one who opposes a requested award. Trial courts certainly have ample power to deal with attorneys who fail to act in such a manner.

Here, the trial court made no findings to support its award of attorney fees. The record on this appeal is sparse. Cottonwood Mall's affidavit failed to delineate such basic information as the nature of the work performed, the amount of attorney time expended, and the hourly billing rate. Accordingly, the trial court could not have assessed the reasonableness of the requested attorney fees. Copies of Cottonwood Mall's office ledger sheets attached to the affidavit were likewise not helpful. They merely show the accounting of costs, fees, and payments on the account and are not specific as to the type of work performed, the time expended, or the rates charged.

■ Although a trial court has discretion to determine an award of attorney fees, the exercise of that discretion must be based on an evaluation of the evidence. *See Dixie State Bank v. Bracken*, 764 P.2d 985, 991 (Utah 1988). When the evidence presented is insufficient, the court's evaluation of those fees will also be insufficient.

■ In *Cabrera v. Cottrell*, 694 P.2d 622 (Utah 1985), we enumerated several factors that should be assessed in determining the reasonableness of attorney fees. Those factors include, but are not limited to

the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Id.* at 625.

■ Cottonwood Mall's failure to provide an adequate basis for the award of attor-

ney fees essentially prevented the trial court from applying several of the *Cabrera* factors. Without evidence of the number of hours spent in trial preparation, the trial court could not assess the reasonableness of the number of hours spent on the case or the fee customarily charged in the area for similar services. Nor could the court assess the efficiency of the attorneys who worked on the litigation. Because the evidence was not sufficient to support a finding that the attorney fees were reasonable, the award must be reversed and the case remanded for further proceedings.

■ We now turn to whether the trial court erred in awarding Cottonwood Mall attorney fees for legal work performed after Sine vacated the leased premises. Generally, a party is entitled to attorney fees only as provided by contract or statute. *Utah Farm Prod. Credit Ass'n v. Cox*, 627 P.2d 62, 66 (Utah 1981). *See also Stubbs v. Hemmert*, 567 P.2d 168, 171 (Utah 1977). Here, the lease permitted an award of attorney fees for three kinds of legal work: the collection of rents due under the lease, the enforcement of provisions of the lease, and the securement of possession of the leased premises.

■ Although Cottonwood Mall initiated this suit to regain possession of the leased premises, Sine voluntarily vacated the premises before trial. The trial addressed issues other than regaining possession of the premises, including some issues unrelated to the lease. Those issues included whether Cottonwood Mall breached an oral promise and whether the rent due was the lease or post-lease amount. In fact, at trial, Cottonwood Mall sought not only to recover rent accruing during the month-to-month tenancy, but also to recover rent due after the lease and month-to-month tenancy had expired. Cottonwood Mall in its request for fees, however, did not distinguish between work done that was subject to a fee award and work that was not. One who seeks an award of attorney fees must set out the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuc-

cessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees. *See Graco Fishing & Rental Tools, Inc. v. Ironwood Exploration, Inc.,* 766 P.2d 1074, 1079–80 (Utah 1988); *Trayner v. Cushing,* 688 P.2d 856, 858 (Utah 1984).

█ To the extent Cottonwood Mall pursued rent accruing after expiration of the month-to-month tenancy, it was not seeking to enforce the terms of the lease and is therefore not entitled to attorney fees. The trial court erred in awarding such fees.

Reversed and remanded.

HALL, C.J., HOWE, A.C.J., and DURHAM and ZIMMERMAN, JJ., concur.