Allen J. FOOTE and Terri J. Foote, Plaintiffs and Respondents,

v.

Blaine CLARK and Katherine Clark, Defendants and Petitioners.

No. 970091.

Supreme Court of Utah.

July 14, 1998.

Marlon L. Bates, Salt Lake City, for plaintiffs.

Spencer F. Hatch, Bountiful, for defendants.

STEWART, Justice:

We granted certiorari to review a court of appeals decision affirming an award of nominal damages and attorney fees arising from a breach of a real estate sales contract. We affirm the award of attorney fees but remand for a recalculation of the amount awarded. We also reduce the amount of nominal damages awarded.

## I.  FACTS

In the Spring of 1993, defendants Blaine and Katherine Clark listed their home in Pleasant Grove, Utah, with real estate agent Howard Hatch. Plaintiffs Allen and Terri Foote made an offer on the home, and the parties eventually entered into a standard real estate purchase agreement. Disputes arose about certain of the agreement's provisions. When the parties failed to resolve their differences, the Clarks sold their home to other buyers for the same price offered by the Footes. Disappointed at losing the

chance to purchase the home, the Footes brought suit against the Clarks, agent Hatch, and Hatch's brokers, alleging breach of the purchase agreement by the Clarks and fraudulent interference with the contract by Hatch and his brokers.

■ Hatch's brokers settled with the Footes for $4000 and were dismissed from the suit. The district court ordered the settling parties, in accordance with their agreement, to "bear their own costs and attorneys fees." At trial, the court ruled that the Footes had no cause of action against Hatch but found that the Clarks materially breached their purchase agreement by selling their home to third party buyers. The court found, however, that the Footes failed to advance any credible evidence of damages from the breach. The Footes expended nothing out of pocket in entering the contract, and the market value of the home (i.e. the price paid by the third-party buyers) mirrored exactly the price offered by the Footes. The district court correctly noted that an aggrieved party cannot, in general, recover damages for mere disappointment or mental distress in an action for the breach of a land sales contract. Consequently, the court assessed only nominal damages against the Clarks. The court set the amount of nominal damages awarded at $100.00.

Pursuant to a provision in the purchase agreement signed by the parties, the district court also ordered the Clarks to pay the attorney fees and costs incurred by the Footes. The contract states:

> Both parties agree that should either party default in any of the covenants or agreements contained herein, the defaulting party shall pay all costs and expenses, including a reasonable attorney's fee, which may arise or accrue from enforcing or terminating this Agreement or in pursuing any remedy provided hereunder or by applicable law, whether such remedy is pursued by filing suit or otherwise.

Counsel for the Footes requested fees totaling $14,100.00. Relying solely on counsel's affidavit and trial testimony and without making any findings of fact regarding the particular fees billed or the quality of work done in remedying the breach of contract,

the court adjudged the fee request reasonable and ordered the Clarks to pay the full amount requested. The court of appeals affirmed the award.

## II. ATTORNEY FEES

■ The Clarks contest both the award of attorney fees and the amount of fees awarded. First, they argue that fees should not be awarded because plaintiffs failed to put forth evidence of compensable injury from the breach and thus recovered only nominal damages at trial. We disagree. Generally, attorney fees in Utah are awarded only as a matter of right under a contract or statute. *See Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985); *but see Stewart v. Utah Public Service Comm'n,* 885 P.2d 759, 782–83 (Utah 1994) (awarding fees under this court's equitable powers in original proceeding challenging telephone rate increase where petitioner acted "as a private attorney general"). Fees provided for by contract, moreover, are allowed only in strict accordance with the terms of the contract. *See Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988); *Turtle Management, Inc. v. Haggis Management, Inc.,* 645 P.2d 667, 671 (Utah 1982).

■ The real estate purchase agreement signed by the parties in this case provides that "the defaulting party shall pay all costs and expenses, including a reasonable attorney's fee, which may arise or accrue . . . in pursuing any remedy provided . . . by applicable law." The amount of plaintiffs' recovery in this case is irrelevant under the language of the contract. Unlike contracts in other cases relied on by the Clarks, this contract does not require any evaluation of the parties' respective success in an action brought to remedy a default. *Cf. Fashion Place Associates v. Glad Rags, Inc.,* 754 P.2d 940, 942 (Utah 1988) (holding that party recovering only nominal damages was not "successful" for purposes of an attorney fees contract clause providing: "[T]he unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expense of attorney fees . . . ."). Rather, the sole criterion for the plaintiff to obtain attorney fees in a remedial action

pursuant to this contract is to show default by the other contract party. The district court's ruling that the Clarks "materially breached the contract by selling their home to a third party" is tantamount to a holding that they defaulted in their agreement to sell the home to plaintiffs. The award of attorney fees under the contract is therefore affirmed.

■ The Clarks also dispute the amount of fees awarded. They argue that the fee award is disproportionate to the amount of nominal damages actually awarded, does not reflect the Footes' failure to prove compensatory damages, and includes fees incurred in pursuing noncontract claims against Howard Hatch and his brokers.

■ "An award of attorney fees must be based on the evidence and supported by findings of fact." *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 268 (Utah 1992). One who seeks an award of attorney fees, therefore, has the burden of producing evidence to buttress the requested award. *See id.* at 268; *Hal Taylor Assoc. v. Unionamerica, Inc.*, 657 P.2d 743, 750–51 (Utah 1982). When the evidence presented is insufficient, an award of attorney fees cannot stand. *See Dixie State Bank*, 764 P.2d at 989. In this regard, we have mandated that a party seeking fees must allocate its fee request according to its underlying claims. *See Cottonwood Mall*, 830 P.2d at 269–70. Indeed, the party must categorize the time and fees expended for "(1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees." *Id.* at 269–70; *see also Valcarce v. Fitzgerald*, 961 P.2d 305, 317 (Utah 1998) (petition for rehearing pending). Claims must also be categorized according to the various opposing parties. *See Turtle Management*, 645 P.2d at 671.

■ The trial court, in turn, must make an independent evaluation of the reasonableness of the requested fees in light of the parties' evidentiary submissions. *See Cot-*

*tonwood Mall*, 830 P.2d at 269. In several recent opinions we have listed numerous factors that, as a practical matter, should inform the court's meaningful appraisal. *See id.; Dixie State Bank*, 764 P.2d at 989–90; *Cabrera*, 694 P.2d at 625; *Trayner v. Cushing*, 688 P.2d 856, 858 (Utah 1984); *Wallace v. Build, Inc.*, 16 Utah 2d 401, 405, 402 P.2d 699 (Utah 1965).

■ The trial court should also document its evaluation of the requested fees' reasonableness through findings of fact. *See Cabrera*, 694 P.2d at 624. These findings should mirror the requesting party's allocation of fees per claims and parties and should support any award issued. *See id.; Valcarce*, 961 P.2d at 317. They enable the reviewing court to make an independent review of the fee award, and whether the findings are sufficient to support the award is a question of law reviewed for correctness. *See id.* at 315, 317. The findings of fact, furthermore, should detail the factors considered dispositive by the trial court in calculating the award. *See Cabrera*, 694 P.2d at 624.

In this case, plaintiffs requested attorney fees at trial, submitting an affidavit by their counsel in support. Counsel also testified at trial concerning the fees he charged plaintiffs for work on their case. Counsel's affidavit did not, as it should have, categorize the fee request according to the plaintiffs' successful and unsuccessful claims and the opposing parties involved in the action. Notwithstanding, the trial court relied totally on the affidavit and counsel's supporting trial testimony in ordering the Clarks to pay the entire $14,100.00 of fees requested by the plaintiffs.

Even a cursory look at counsel's affidavit reveals counsel's failure to properly categorize the fee request and raises questions about the reasonableness of the fees related to the breach of contract claim. The contract only authorizes fees to be collected for time expended in remedying a default in the purchase agreement. The affidavit, however, includes several entries of fees for services relating to the noncontract, tortious interference claims against agent Howard Hatch and

his real estate brokers.[1]

The language of the contract does not permit assessing fees against the Clarks that relate to the noncontract claims against either Hatch or the brokers. These tort-based actions were not brought to "remedy" a default in the purchase agreement by the "defaulting party," as required by the contract, but to recover the alleged improper profits of Hatch and the brokers occasioned by the Clarks' default. It would violate the contract to require the defaulting party to pay attorney fees accrued in pursuing these claims when the work done did not tangibly relate to the breach of contract claim as well. *See Turtle Management*, 645 P.2d at 671. "When a plaintiff has a substantial claim against one defendant, he should not have a free ride to assert claims against other defendants with the expectation that the target defendant will end up paying all attorney's fees," even when those claims factually relate to claims for which the plaintiff may be entitled to attorney fees. *Id.* This is particularly true in this case where the trial court had previously ordered the instant plaintiffs and other defendants in the settlement involving Hatch's brokers to bear their respective costs and attorney fees relating to the settled claims.

■ Nothing in the record indicates that the trial court performed an independent evaluation of the reasonableness of the requested fees. The trial court did not enter any findings of fact setting forth the steps of its evaluation or supporting its fee award. While we may uphold a fee award when no findings of fact have been entered on the record when it would be reasonable to assume that such findings actually had been made, this is not such a case. *Cf. Valcarce*, 961 P.2d at 315. Where the parties' evidentiary submissions in support of a request for attorney fees are deficient, so will be the court's evaluation of those fees. *See Cottonwood Mall*, 830 P.2d at 269. Furthermore, even if plaintiffs' submissions were adequate in this case, the evidence contained therein

does not adequately support the fee award issued.

■ The Clarks argue that the trial court ignored plaintiffs' failure to prove compensatory damages and that mere nominal damages resulted from the case. Indeed, a party's success in proving the prima facie elements of its claim and the overall result obtained in the case are legitimate factors which the court may consider in evaluating requested attorney fees. *See Cabrera*, 694 P.2d at 625; *Trayner*, 688 P.2d at 858. We have counseled, however, that neither of these factors should unduly affect the trial court's evaluation:

> The total amount of attorneys fees awarded in [a] case cannot be said to be unreasonable just because it is greater than the amount recovered on the contract. The amount of the damages awarded in a case does not place a necessary limit on the amount of attorneys fees that can be awarded.

*Cabrera*, 694 P.2d at 625. In fact, we have hesitated to accentuate any of the available factors that may inform a court's fee appraisal. Instead, we have simply insisted that the trial court gear its assessment to accomplish the purpose of attorney fees, i.e., to reasonably compensate counsel for their time reasonably expended in pursuing the underlying case in accordance with the authorizing contract or statute. *See Dixie State Bank*, 764 P.2d at 989–90.

■ Because the trial court "is in a better position than an appellate court to gauge the quality and efficiency of the representation and the complexity of the litigation," we have endowed the trial courts with discretion to assess the reasonableness of the fees requested under a contract or statute. *See Richard Barton Enterprises, Inc. v. Tsern*, 928 P.2d 368, 380 (Utah 1996). We will not disturb the trial court's fee calculation absent a showing that the court abused its discretion. *See Dixie State Bank*, 764 P.2d at 988. A trial court may therefore select, according to the factually

---

1. These services include receiving, reviewing and responding to routine discovery requests from Hatch or the brokers, drafting interrogatories for Hatch and the brokers, telephoning the brokers' counsel, negotiating a settlement of the claims against the brokers, discussing with the Footes the proposed settlement, and drafting a settlement letter to brokers' counsel.

varied context of each particular case, the factors that are most relevant to its fee calculation—but select them it must. The court cannot properly evaluate a claim for fees without measuring the request against at least some established touchstones. And when the evidence submitted to support the fee request is controverted or inconsistent, the trial court must document in findings of fact the factors it considers. Otherwise, there is no basis for adequate appellate review of the trial court's decisions. *See Valcarce*, 961 P.2d at 317. "Although a trial court has discretion to determine an award of attorney fees, the exercise of that discretion must be based on an evaluation of the evidence." *Cottonwood Mall*, 830 P.2d at 269.

Several considerations counsel against imposing on the Clarks the full amount of plaintiffs' $14,100.00 request. As noted above, at least some of the requested fees appear to have resulted from pursuing noncontract claims against agent Howard Hatch and his brokers—claims not entitled to attorney fees under the purchase agreement at issue. Additionally, as the trial court found in ruling on the merits of plaintiffs' contract claim against the Clarks, plaintiffs pursued tort-based damages not typically recoverable in a breach of land sales contract action. While a court in assessing attorney fees should give latitude to a party advancing a novel theory, well-grounded in policy and aimed at encouraging progress in our law, the court should not reimburse counsel for time spent pursuing ungrounded and infeasible theories of recovery, particularly if the suit appears motivated solely by spite. Finally, an objective analysis of plaintiffs' contract claim would have suggested to a prudent attorney that damages collectible under well-established remedies law were not great. Plaintiffs' counsel should have made that appraisal and allocated his time accordingly, despite his clients' subjective disappointment. It was reversible error for the trial court not to meaningfully evaluate the evidence presented it before issuing the fee award in this case, and the court of appeals erred in upholding the award.

■ In sum, we hold that the court of appeals erred in affirming the trial court's award of the full amount of the requested attorney fees without requiring the trial court to independently evaluate those fees to test their reasonableness or recognizing that some of the fees charged by the Footes' counsel were spent in pursuing tort claims not entitled to attorney fees under the purchase agreement at issue. We echo what we held in *Valcarce v. Fitzgerald*, 961 P.2d 305, 317 (Utah 1998): "While a trial court may, in its discretion, deny fees altogether for [the requesting party's] failure to allocate, it may not award wholesale all attorney fees requested if they have not been allocated as to separate claims and/or parties." It was an abuse of the trial court's discretion to rubber stamp a fee request without separately conducting a meaningful evaluation of the amount requested. The trial court also erred in not entering findings of fact to support its fee award. We therefore reverse the court of appeals on the amount of the attorney fees awarded the Footes and remand for a recalculation of the fees in accordance with this opinion.

## III. NOMINAL DAMAGES

■ The Clarks also dispute the amount of nominal damages awarded to the Footes. The trial court held that the Clarks defaulted in the purchase agreement they had entered with the Footes by selling their home to a third party. The court concluded, however, that the Footes had not produced any evidence showing compensable damage from the contract breach. To that end, the court awarded the Footes only nominal damages. The amount of nominal damages awarded, and sustained by the court of appeals, was $100.00.

We have defined "nominal damages" as "a trivial sum such as one cent or one dollar awarded to a plaintiff whose legal right has been invaded but who has failed to prove any compensatory damages." *Gould v. Mountain States Tel. & Tel. Co.*, 6 Utah 2d 187, 189–90, 309 P.2d 802 (1957). In *Gould*, we held that an award of $75 for a breach of contract was not "nominal." *Id.* at 189, 309 P.2d 802. This holding has been reconfirmed in several recent cases. *See, e.g., Fashion Place Associates*, 754 P.2d. at 942; *Turtle Management*, 645 P.2d at 670; *Henderson v. For–Shor Co.*, 757 P.2d 465, 471–72 (Utah

Ct.App.1988). Allowing an award for nominal damages of more than merely a trivial sum, however small, would subvert the role of nominal damages as a means of acknowledging invaded rights without rewarding a successful party for nonexistent damages. *See* 22 Am.Jur.2d, *Damages* § 11 (1988) ("A considerable amount—as, for example, $100 or $200—is a substantial recovery, and does not come within the definition of nominal damages; hence, a finding of nominal damages will not warrant a judgment for such amount.").

We hold, in accordance with *Gould*, that $100.00 is not a nominal sum. We thus reduce the amount of nominal damages to $1.00. *See Fashion Place Associates*, 754 P.2d at 942 ("When nominal damages are allowed, one dollar is the amount generally awarded.").

## IV. CONCLUSION

The award of attorney fees is affirmed. We reverse the amount of attorney fees awarded, however, and remand the case to the court of appeals with instructions to remand to the trial court for a recalculation of the reasonable attorney fees to be assessed against the Clarks. We also reverse the amount of nominal damages awarded and reduce that judgment to $1.00.

DURHAM, Associate C.J., and ZIMMERMAN and RUSSON, JJ., concur in Justice STEWART's opinion.

HOWE, Chief Justice, concurring and dissenting:

I concur in reducing the amount of nominal damages to $1 and in vacating the award of attorney fees made by the trial court. However, I would not remand the case to the trial court for re-determination of the fees. While it is true that the Clarks defaulted on the agreement, thus entitling the Footes to a reasonable attorney fee, a reasonable amount under the circumstances of this case is only $1.

When the Footes filed this action, they had no evidence that the property was worth more than the amount for which they had offered to buy it and for which it was later sold to a third party. They failed to produce any such evidence at trial. Thus the Footes

had no reasonable expectation of recovering more than nominal damages. I would not promote the filing of this type of case where there is no chance of recovery of compensatory damages. The Footes are entitled to a "reasonable" attorney fee which in this case should be limited to $1. *See Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that if plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, "the only reasonable fee is usually no fee at all"); *see also Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir.1996) ("[A]ttorney fees and costs are usually not appropriate when a plaintiff recovers only nominal damages."); *Griffith v. Colorado Div. of Youth Servs.*, 17 F.3d 1323, 1329 (10th Cir.1994) (failure of plaintiff to obtain success in litigation precluded attorney fee award); *N.E.W. v. Kennard*, 952 F.Supp. 714, 721 (D.Utah 1997) (plaintiffs are not entitled to attorney fees where neither the Constitution nor Federal law provided them relief).