2005 UT App 118

Frank AMYX, Appellant
and Cross-appellee,

v.

COLUMBIA HOUSE HOLDINGS, INC.;
and John Does 1 through 10, whose true
names are unknown, Appellees and
Cross-appellants.

No. 20030950–CA.

Court of Appeals of Utah.

March 10, 2005.

Denver C. Snuffer Jr., Sandy, and Jesse L. Riddle, Draper, for Appellants.

Randy L. Dryer and Michael P. Petrogeorge, Salt Lake City, for Appellee.

Before BENCH, Associate P.J., JACKSON, and THORNE, JJ.

MEMORANDUM DECISION

JACKSON, Judge:

¶ 1 Frank Amyx appeals the trial court's award of $885 in attorney fees for his claim under the Unsolicited Commercial and Sexually Explicit Email Act. *See* Utah Code §§ 13–36–101 to –105 (repealed May 3, 2004) (the Act). Columbia House Holdings, Inc. (Columbia House) cross-appeals, arguing that the award must be reduced. The Act awards costs and "reasonable attorney fees" to successful plaintiffs. *Id.* § 13–36–105(2)(b). We affirm.[1]

---

1. Columbia House's motion that we take judicial notice of the exhibits contained in its opening

¶ 2 "The trial court has broad discretion in determining what constitutes a reasonable attorney fee . . ., and we will not reverse a trial court's determination of whether a fee is reasonable absent an abuse of discretion." *Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 33, 52 P.3d 1179. "In addition, we review a trial court's calculation of reasonable attorney fees for abuse of discretion." *Id.*

¶ 3 The court's determination of reasonableness is not bound by the prevailing party's affidavit of expenses. *See id.* at ¶ 38 ("[A] trial court is not required to adopt the prevailing party's assertion of what constitutes a reasonable attorney fee, even if the fee sought is supported by an affidavit."). Rather, the court may consider a variety of factors, including,

> "the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved."

*Dixie State Bank v. Bracken*, 764 P.2d 985, 989 (Utah 1988) (quoting *Cabrera v. Cottrell*, 694 P.2d 622, 625 (Utah 1983)); *see also Trayner v. Cushing*, 688 P.2d 856, 858 (Utah 1984) (noting that a court should consider "the relationship of the fee to the amount recovered, the novelty and difficulty of the issues involved, the overall result achieved and the necessity of initiating lawsuit to vindicate [the plaintiff's] rights").

¶ 4 Although Amyx had requested over $4000 in attorney fees,[2] the trial court entered an award of $885. The court determined that such a reduction was necessary because Amyx's attorneys had already filed several, if not hundreds, of similar cases and did not reasonably need to expend all of the time they claimed in researching, discussing, and documenting the case. The trial court also found that the requested hourly rate was unreasonable because it exceeded the customary fees charged in the locality for the type of work performed and, moreover, that the fee was far in excess of the $10 in damages awarded.

¶ 5 For its part, Columbia House argues on its cross-appeal that the court abused its discretion by failing to award fees comparable to the default judgment fee schedule. *See* Utah R. Civ. P. 73(d) (permitting attorney fees of $250 for damages between $0 and $1500). However, the trial court found that this was not a routine default case and that the rule 73 scale was not applicable.

¶ 6 The reasonableness of an award of attorney fees is highly individualized and decided "according to the factually varied context of each particular case." *Foote v. Clark*, 962 P.2d 52, 56–57 (Utah 1998). The considerations stated by the trial court in this case are relevant, and given the latitude granted to trial courts, we cannot say the court abused its discretion in awarding fees of $885. We affirm.

¶ 7 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

brief, which was deferred for our determination here, is hereby denied.

2. The amount of Amyx's claimed attorney fees, paralegal fees, and costs is unclear. Amyx states the total as $4400, Columbia House as $4021.75, and the trial court as "a little over $4000."