2010 UT App 189

**DALE K. BARKER CO., PC,**
Plaintiff and Appellant,

v.

**JOHN K. BUSHNELL and Bushnet, PC,**
Defendant, Third-party Plaintiff,
and Appellee,

v.

**Dale K. Barker, Third-party Defendant.**

No. 20080956–CA.

Court of Appeals of Utah.

July 15, 2010.

Shawn D. Turner, Salt Lake City, for Appellant.

David P. Hirschi and Brennan H. Moss, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and THORNE.

## OPINION

ORME, Judge:

¶1 Plaintiff Dale K. Barker Co., PC (Barker Company) appeals the trial court's determinations that defendant John K. Bushnell and his corporation, Bushnet, PC, did not breach the contracts each of them entered into with Barker Company and that Barker Company breached its agreement with Bushnell. With respect to these issues, we affirm. Barker Company also appeals the magnitude of the trial court's award of attorney fees and costs to Bushnell. In this one respect, we reverse and remand.

## BACKGROUND

¶2 In April 2005, Barker Company and Bushnell entered into a contract in which Barker Company agreed to review and prepare several overdue tax returns and negotiate with the IRS on Bushnell's behalf. In September 2005, Barker Company entered into a similar agreement with Bushnet. Both contracts included this language: "Barker [Company] agrees to perform the following services for [Bushnell and Bushnet, respectively], including such additional services related thereto which are reasonably required: (a.) All requested services as set forth by [Bushnell and Bushnet, respectively] and as understood by Barker [Company] either express, written, or/and implied." After a dispute arose regarding Barker Company's charges, which exceeded $64,000,[1] Barker Company filed a complaint against Bushnell and Bushnet alleging breach of contract for failure to fully pay for the services Barker Company provided. Bushnell filed counterclaims against Barker Company for negligence and breach of contract.[2] During the subsequent bench trial, the trial court dismissed Bushnell's negligence counterclaim, leaving Bushnell's counterclaim for breach of contract as Bushnell's only surviving claim.

¶3 At the conclusion of the trial, the court made factual findings that the contracts "d[id] not specifically indicate which work must be performed by Barker [Company], nor d[id] [the contracts] indicate the amount that must be paid for work performed." Therefore, "the [c]ourt applie[d] a reasonable and necessary standard to determine whether the work done by Barker [Company] was required under the contract." The court determined that Barker Company's considerable work in compiling Bushnell and Bushnet's financial information "was not reasonable and necessary in order to accomplish the tasks required by the contract" because the "information was [already] organized in the 'Quicken' program" that Barker Company had received from Bushnell and Bushnet. The court also found that the amount Bushnell and Bushnet had already paid for "research, conferences, meetings, correspondences, etc." satisfied their contractual obligations. Based on these findings, the trial court determined that Bushnell and Bushnet had not breached their contracts with Barker Company by not paying the remaining amounts claimed by Barker Company.

¶4 The court also determined that Barker Company had breached its contract with Bushnell because Barker Company "fail[ed] to meet deadlines that it had agreed upon with the IRS, fail[ed] to meet other deadlines set by the IRS, fail[ed] to prevent federal tax liens from being recorded against Mr. Bushnell's property, [and] fail[ed] to properly prepare the 1999 . . . and . . . 2004 tax re-

---

1. Barker Company billed Bushnell $19,000, of which Bushnell paid $2,180. Barker Company billed Bushnet $45,355.20, with $12,680.20 of that amount being to reimburse Barker Company for taxes paid on Bushnell's behalf, and Bushnet paid $17,639.80 of the amount billed.

2. Bushnell also filed a third-party complaint against Dale K. Barker, which the trial court dismissed during the trial. Issues related to the third-party complaint have been addressed in a separate appeal. *See Barker v. Bushnell,* 2009 UT App 385, 222 P.3d 1188.

turn[s]." [3] Ultimately, the court decided that Bushnell was only "entitled to nominal damages in the amount of $10.00." [4]

¶ 5 With regard to attorney fees and costs, the contracts stated that "[i]n the event of a breach of this Agreement, the non-defaulting party shall be entitled to all costs and attorneys' fees incurred in enforcing this Agreement or in seeking any other remedy." The trial court determined that Bushnell and Bushnet were entitled to "receive all costs and attorneys' fees . . . incurred relating to [their] defense of [Barker Company]'s action for breach of contract" and that Bushnell was entitled to "all costs and attorneys' fees . . . incurred" in his breach of contract counterclaim. Bushnell was awarded the costs and fees it requested: $79,108.50 in attorney fees and $32,013.20 in costs.[5]

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Barker Company challenges both the trial court's factual findings and its legal conclusions leading to the determination that Bushnell and Bushnet did not breach the contracts but that Barker Company had breached its contract with Bushnell. We review the trial court's factual findings under a clearly erroneous standard. *See Utah State Tax Comm'n v. Stevenson*, 2006 UT 84, ¶ 23, 150 P.3d 521. But we require that a party challenging the factual findings begin by properly marshaling the evidence in support of the findings. *See* Utah R.App. P. 24(a)(9) ("A party challenging a fact finding must first marshal all record evidence that supports the challenged finding."); *Kimball v. Kimball*, 2009 UT App 233, ¶¶ 20 n. 5, 21, 217 P.3d 733 (explaining the marshaling requirement); *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App. 1991) (same).

A contract's interpretation may be either a question of law, determined by the words of the agreement, or a question of fact, determined by extrinsic evidence of intent. If a trial court interprets a contract as a matter of law, we accord its construction no particular weight, reviewing its action under a correctness standard. However, if the contract is not an integration or is ambiguous and the trial court proceeds to find facts respecting the intentions of the parties based on extrinsic evidence, then our review is strictly limited.

*Peterson v. Sunrider Corp.*, 2002 UT 43, ¶ 14, 48 P.3d 918 (citation and internal quotation marks omitted).

¶ 7 Barker Company also challenges the amount the trial court awarded in attorney fees and costs to Bushnell. "The trial court has broad discretion in determining what constitutes a reasonable attorney fee once it has been determined that a party is legally entitled to a fee award, and we will not reverse a trial court's determination of whether a fee is reasonable absent an abuse of discretion." *Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 33, 52 P.3d 1179. However, "[a]n award of attorney fees must be based on the evidence and supported by findings of fact." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (citation and internal quotation marks omitted). "[W]hether the findings are sufficient to support the award is a question of law reviewed for correctness." *Id.*

## ANALYSIS

### I. Breach of Contract

■ ¶ 8 Barker Company argues that the trial court erred in its breach of contract determinations.[6] Because Barker Company

---

**3.** No similar determination was made concerning Bushnet because only Bushnell filed a counterclaim against Barker Company for breach of contract.

**4.** The trial court explained that based on "the evidence presented," it could not "determine a specific amount to make Mr. Bushnell whole" and therefore it awarded "nominal damages in the amount of $10.00."

**5.** Although Bushnet was entitled to fees based on the court's judgment, it is unclear whether Bushnell's request for fees also included Bushnet's fees. We assume it did because the court ultimately only awarded fees to Bushnell and Bushnet has not appealed.

**6.** Barker Company initially seems to argue that there was no dispute as to what the contract required the parties to do and that "the plain agreement [w]as understood by the parties," but it does not challenge the court's assessment that

failed to marshal all the evidence supporting the findings, *see generally* Utah R.App. P. 24(a)(9); *Eggett v. Wasatch Energy Corp.*, 2004 UT 28, ¶ 10, 94 P.3d 193 (stating that if a party fails to properly marshal evidence, the court "must assume that the record supports the findings of the trial court") (citation and internal quotation marks omitted), we decline to disturb the court's factual findings.

■ ¶ 9 We also agree with the trial court's legal determination that the contract contained an implied term that only services that were reasonable and necessary would be performed and that those services needed to be performed in a workmanlike manner.[7] *Cf. Eggett*, 2004 UT 28, ¶ 14, 94 P.3d 193 (determining that a party's violation of the implied covenant of good faith and fair dealing means that the contract was breached). Based on our affirmance of its findings and resulting legal conclusions, we affirm the trial court's basic decision that Bushnell and Bushnet did not breach the contracts and that Barker Company did breach its contract with Bushnell.[8]

## II. Attorney Fees

■ ¶ 10 Barker Company does not dispute that the contract allowed Bushnell to recover attorney fees but, rather, asserts that the amount awarded was excessive. Although a trial court has discretion to determine the reasonableness of fees, "[a]n award of attorney fees must be based on the evi-dence and supported by findings of fact." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (citation and internal quotation marks omitted).

■ ¶ 11 In *Foote*, the Utah Supreme Court explained that, regardless of contractual language entitling the party to attorney fees, the "party seeking fees must allocate its fee request according to its underlying claims" by "categoriz[ing] the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees." *Id.* (citation and internal quotation marks omitted). *See also Moore v. Smith*, 2007 UT App 101, ¶¶ 49 n. 18, 50, 158 P.3d 562 (evaluating a contract providing that "the defaulting party shall pay all costs and expenses" and stating that "regardless of the provision in the [contract], the requesting party was required to categorize" fees spent, in accordance with *Foote* ) (citation and internal quotation marks omitted), *cert. denied*, 182 P.3d 910 (Utah 2007). The *Foote* court also emphasized that the party requesting fees "has the burden of producing evidence to buttress the requested award." 962 P.2d at 55.

¶ 12 In reviewing Bushnell's request for attorney fees submitted to the trial court, it is clear that the fees were not categorized as

"[o]ther than the general agreement of the task to be performed by Barker [Company] under the [contract], the [contract] does not specifically indicate which work must be performed by Barker [Company], nor does it indicate the amount that must be paid for work performed," or that "each [party] dispute[s] their duties and obligations under the contract."

7.  Barker Company argues that the trial court violated Barker Company's due process rights by basing its decision on anything other than a determination of whether Barker Company breached the contract by unprofessionally or unreasonably compiling Bushnell's and Bushnet's information, which Barker Company insists was the only issue that survived the court's dismissal of Bushnell's counterclaim for negligence. We are not convinced that the court thus limited the issues when it held that the breach of contract claim survived Barker Company's motion to dismiss, but we do not reach the merits of this argument because it was inadequately briefed, *see generally* Utah R.App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented ... with citations to the authorities, statutes, and parts of the record relied on."); *Davis v. Central Utah Counseling Ctr.*, 2006 UT 52, ¶¶ 27–28, 147 P.3d 390 (declining to address inadequately briefed arguments).

8.  Some of Barker Company's other arguments are not specifically addressed because they are inadequately briefed. *See generally* Utah R.App. P. 24(a)(9) (discussing briefing requirements); *State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his Court need not analyze and address in writing each and every argument, issue, or claim raised.... Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").

discussed above. Rather, the fee request claimed that all requested fees related only to defending Barker Company's breach of contract claim and to pursuing Bushnell's breach of contract counterclaim—the claims on which Bushnell would be entitled to an award of attorney fees. The request purportedly omitted all entries bearing on Bushnell's negligence counterclaim and third-party complaint, for which he would not be entitled to fees. Without the full disclosure and proper categorization called for by the cases discussed above, there is no way to tell if the time spent on those unsuccessful claims truly was omitted or whether it was simply rolled into the fees requested. *See id.* at 55–56 (determining that an affidavit that did not separate contract claims from noncontract claims was improperly categorized and, thus, deficient to support the attorney fee award). For example, some entries are labeled "counterclaim" but do not appear to separate the unsuccessful negligence counterclaim from the successful breach of contract counterclaim. It is also unclear whether charges related to the third-party complaint against Barker were excluded.[9] *See generally id.* at 55 ("When the evidence presented is insufficient, an award of attorney fees cannot stand.").

¶ 13 In addition to the requirement that Bushnell, in making his request for an award of fees, properly categorize all attorney fees incurred, "[t]he trial court ... must make an independent evaluation of the reasonableness of the requested fees in light of the parties' evidentiary submissions."[10] *Id.* "Where the parties' evidentiary submissions in support of a request for attorney fees are deficient, so will be the court's evaluation of those fees." *Id.* at 56. *See also Bakowski v. Mountain States Steel, Inc.,* 2002 UT 62, ¶ 38, 52 P.3d 1179 ("[A] trial court is not required to adopt the prevailing party's assertion of what constitutes a reasonable attorney fee, even if the fee sought is supported by an affidavit."). As explained above, Bushnell's request was deficient and so reliance on it will also lead "the court's evaluation of those fees" to be deficient. *Foote,* 962 P.2d at 56.

¶ 14 "The trial court should also document its evaluation of the requested fees' reasonableness through findings of fact." *Id.* at 55. "[W]hether the findings are sufficient to support the award is a question of law reviewed for correctness." *Id.* In the instant case, the trial court explained its attorney fee award in a memorandum decision that stated, "[A]fter reviewing the record in this matter, the [c]ourt is convinced the fees and costs requested by [Bushnell]—with the exception of the three entries noted by Mr. Bushnell in his reply memorandum—[11] are reasonable and appropriate under the circumstances[.]" The court did not elaborate on the circumstances to which it was referring, but it had briefly discussed the facts that Bushnell had been the nondefaulting party and that the contract entitled him to recover all fees and costs. The court did not discuss any factors in determining reasonableness other than to say that it was irrelevant that the damages awarded were nominal. This generalized approach is not viable. *See generally Dixie State Bank v.*

9. Upon Barker Company's objection, Bushnell removed three entries clearly related to the third-party complaint, which itself shows that the necessary precision was compromised by the generalized approach taken by Bushnell.

10. Even when a contract's attorney fee provision entitles the nondefaulting party to *all* attorney fees, as the provision here did, there is still a requirement that the fees be reasonable and only related to successful claims. *See Equitable Life & Cas. Ins. Co. v. Ross,* 849 P.2d 1187, 1194 (Utah Ct.App.) (interpreting an attorney fee provision that allowed all fees to be recovered and stating that "[i]f provided for by contract, attorney fees are awarded in accordance with the terms of that contract" and that "[a]lthough such

an award is a matter of legal right, it must be reasonable and supported by adequate evidence") (citations omitted), *cert. denied,* 860 P.2d 943 (Utah 1993).

11. In response to Barker Company's objection to the amount of the attorney fees, Bushnell admitted that three line items were related solely to the third-party complaint and should be excluded. In an amended declaration of attorney fees, the fees for those three entries, which totaled $2062.50, were removed. However, somewhat bizarrely, the amount claimed in attorney fees in the amended declaration actually increased because of the time charged for, inter alia, amending the attorney fee application.

*Bracken,* 764 P.2d 985, 990 (Utah 1988) (listing the questions a court should ask in determining the reasonableness of attorney fees as follows: "1. What legal work was actually performed? 2. How much of the work performed was reasonably necessary to adequately prosecute the matter? 3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services? 4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?") (footnotes omitted).

¶ 15 Because the fees set forth in the fee application were not properly categorized, leaving doubt as to whether attorney fees were being awarded for Bushnell's unsuccessful third-party complaint and negligence counterclaim, and because the court did not make adequate factual findings with respect to the fee application, we reverse the attorney fee award and remand to the trial court for reconsideration. Although we agree that Bushnell's success and the contract provision entitle him to attorney fees associated with the contract claims, fees related to the unsuccessful third-party complaint and negligence counterclaim should not be awarded. *See Foote v. Clark,* 962 P.2d 52, 55–56 (Utah 1998). On remand Bushnell has the burden of properly separating the fees as required, *see id.* at 55, or proving that the claims are so inextricably linked that the fees cannot be separated, *see Stevensen 3rd E., LC v. Watts,* 2009 UT App 137, ¶ 60, 210 P.3d 977 ("[W]here a trial court finds that almost all, if not all, of the legal services performed with respect to [an unsuccessful] claim were also relevant and necessary with respect to other issues in the case upon which [the party] was successful, the party's lack of categorization will not undermine the sufficiency of the evidence supporting the award of attorney fees[.]") (second and third alteration in original) (citation and internal quotation marks omitted). The trial court should then carefully examine the fees requested and reject

any fees for claims in which Bushnell was not successful, i.e., his negligence counterclaim and his third-party complaint. *See Foote,* 962 P.2d at 55–56. In addition, the court must make adequate findings of fact to support its attorney fee award and the reasonableness of that award.[12] *See id.* at 55.

### III. Costs

¶ 16 Bushnell's costs were awarded pursuant to the contract provision stating that "the non-defaulting party shall be entitled to all costs and attorneys' fees incurred in enforcing this Agreement or in seeking any other remedy." "The trial court's interpretation of the meaning of 'costs' [and 'fees'] in the contract is a question of law." *Kraatz v. Heritage Imps.,* 2003 UT App 201, ¶ 24, 71 P.3d 188 (alteration in original) (citations and internal quotation marks omitted), *cert. denied,* 84 P.3d 239 (Utah 2003). Although the contract referred to "all costs," costs, like attorney fees, must be reasonable. *See id.* ¶¶ 23, 28, 30 (determining that the costs awarded must be reasonable even if the contract required the defaulting party to pay "all expenses and costs incurred"). *See also Equitable Life & Cas. Ins. Co. v. Ross,* 849 P.2d 1187, 1194 (Utah Ct.App.) ("If provided for by contract, attorney fees are awarded in accordance with the terms of that contract. Although such an award is a matter of legal right, it must be reasonable and supported by adequate evidence.") (citation omitted), *cert. denied,* 860 P.2d 943 (Utah 1993).

¶ 17 With that being said, reasonable costs awardable under this contract do go well beyond the costs that are allowed under rule 54(d) of the Utah Rules of Civil Procedure. *See generally Moore v. Smith,* 2007 UT App 101, ¶ 56, 158 P.3d 562 (interpreting a contract that stated "that the defaulting party shall pay all costs and expenses" to include more than just costs allowed under rule 54(d)), *cert. denied,* 182 P.3d 910 (Utah 2007); *Chase v. Scott,* 2001 UT App 404,

---

12. Barker Company also argues that any pre-complaint attorney fees should not be awarded. The contractual language would seem to support an award for precomplaint fees, but because this issue is inadequately briefed, we do not discuss it further. *See generally* Utah R.App. P. 24(a)(9)

(setting forth briefing requirements). Barker Company also argues that Bushnell's use of two attorneys was excessive. This issue clearly bears on the reasonableness of the attorney fees and, therefore, can be argued before the trial court on remand.

¶¶ 19–20, 38 P.3d 1001 (determining that the undefined term "costs" in "the [c]ontract should be read to include those costs that were associated with the litigation but would not be included under a regular Rule 54(d) cost award"); *Morgan v. Morgan*, 795 P.2d 684, 686 (Utah Ct.App.1990) (defining rule 54(d) "costs" as "those fees which are required to be paid to the court and to witnesses, and for which the statutes authorize to be included in the judgment") (citation and internal quotation marks omitted).

¶ 18 Accordingly, we remand for the trial court to determine the reasonable costs associated with Bushnell's successful claim and defense. To give some guidance on remand, we note that the fees charged by an expert that did not testify at trial but who helped put together the case may well be reasonable but that expenses attributable to a second expert performing the same task are probably not reasonable. And it seems particularly unreasonable to allow costs associated with a third expert's work given that the fee application indicated the expert was responding to a subpoena and our record shows no subpoena had been served in this action from the beginning of the litigation until the time indicated on the fee application.

### IV. Attorney Fees and Costs on Appeal

¶ 19 Bushnell argues that he is entitled to attorney fees and costs incurred on this appeal. *See generally Centurian Corp. v. Cripps*, 624 P.2d 706, 713 (Utah 1981) (granting a request for attorney fees on appeal based on a contract); *Foster v. Montgomery*, 2003 UT App 405, ¶ 27, 82 P.3d 191 (determining that the party prevailing on appeal was entitled to attorney fees based on a contract provision), *cert. denied*, 90 P.3d 1041 (Utah 2004). *See also Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980) (establishing "that a provision of payment of attorney's fees in a contract includes attorney's fees incurred by the prevailing party on appeal as well as at trial, if the action is brought to enforce the contract"). We grant his request insofar as it concerns fees and costs attributable to his successful defense of the trial court's breach of contract determinations, but we deny his request for attorney fees and costs incurred on appeal insofar as they are associated with his unsuccessful arguments related to the trial court's original determination of attorney fees and costs. We remand for the trial court to determine the attorney fees and costs reasonably incurred and recoverable on appeal and note that such an award is allowed only if the fees and costs are reasonable, supported by evidence, and properly categorized.

### CONCLUSION

¶ 20 We affirm the trial court's decisions that Bushnell and Bushnet did not breach their contracts and that Barker Company did breach its contract with Bushnell. We reverse the attorney fees and costs award, while authorizing a partial award of fees incurred on appeal, and remand to the trial court for further consideration of those matters, as consistent with this opinion.

¶ 21 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.