**SISKIN ENTERPRISES, INC., a Utah corporation, Plaintiff,**

v.

**W.B. STODDARD, JR., INC., a California corporation, Defendant.**

No. 2:99–CV–819 G.

United States District Court, D. Utah, Central Division.

June 15, 2001.

James E. Morton of Bugden, Collins & , Salt Lake City, UT, Scott S. Kunkel, Salt Lake City, UT, for plaintiff.

James S. Jardine of Ray, Quinney & Nebeker, Salt Lake City, UT, for defendant.

## ORDER RE: ATTORNEY FEES AND NON–TAXABLE COSTS

J. THOMAS GREENE, District Judge.

Following a jury trial from February 20 to March 5, 2001, plaintiff filed a Motion for an Award of Attorney's Fees and Non–Taxable Costs, which is opposed by defendant.

### FACTUAL BACKGROUND

Plaintiff's claim for attorney fees is based on paragraph 15(g) of the Wholesale Distribution Agreement ("Agreement") between the parties, which provides:

> *Attorney's Fees.* In the event of default under any of the terms and conditions of this Agreement, the defaulting party agrees to pay in addition to any sum which may be awarded by a court of competent jurisdiction, the costs incurred by the non-defaulting party in *enforcing* this Agreement, including reasonable attorney's fees. (Emphasis added.)

The Agreement also provides a non judicial procedure to terminate the Agreement where a party is in default and fails to cure specific outlined defaults. (Paragraph 10)

Plaintiff filed a declaratory judgment action seeking a declaration by this court that defendant was in default and had materially breached the Agreement. Plaintiff alleged that defendant had engaged in "unfair or immoral trade practices" consisting of alleged "thefts of warranties" which had been sold previously to automobile dealerships. The alleged conduct by defendant had been discovered in 1998, but plaintiff Siskin continued to do business with defendant Stoddard, and did not exercise its right to terminate until one

day after this lawsuit was commenced in October 1999.

Plaintiff's first commenced litigation against defendant in 1995, *Siskin Enterprises v. W.B. Stoddard, Inc., et al.*, 2:95CV796S (Removed from state court—filed July 1, 1995). In that previously filed lawsuit plaintiff moved to amend its complaint to include the additional events of default and grievances which had been discovered in 1998, and later sought to obtain a ruling that such constituted evidentiary facts supporting the claim for relief in that case as opposed to independent substantive claims. Magistrate Judge Boyce, to whom the case had been referred by District Judge David Sam, ultimately rejected plaintiff's attempts to include those alleged defaults in that case by way of amendment or otherwise. In colloquy with the court concerning the matter, and in explanation as to why plaintiff deliberately had chosen or elected not to exercise its right to terminate the agreement, counsel for plaintiff stated:

> And, Your Honor, this is probably a good time to comment on the fact that my client made a considered decision to take the high road in this case, to file a declaratory judgment action and continue to sell to Stoddard, continue to do business with Stoddard, not just terminate it and—instead of doing that, it said, look, we will send a notice of default, we're not satisfied with your response, we'll file a lawsuit and we'll let the finder of fact determine whether in fact there is a disagreement between us,

Transcript in case 95cv796, March 17, 1999 at p. 41. This matter later was reiterated to Judge Boyce and also presented to this court. Counsel for defendant pointed out that plaintiff Siskin had made a "considered decision," relied upon by defendant, to "continue to sell to Stoddard and ... not exercise its right to terminate" even though for many months plaintiff had "full knowledge and awareness" of the claimed defaults and misconduct which were set forth in the present declaratory judgment action before this court. Transcript in case 95cv796, November 1, 1999 at p. 11.

Notwithstanding plaintiff's "election not to proceed with the termination" in the prior case, plaintiff unilaterally terminated the defendant's distributorship based substantially on the same alleged events of default which had been well known and argued in the prior case. As a result of the termination action taken by plaintiff, Judge Boyce stayed the prior litigation pending resolution of the "propriety of the termination of the Stoddard Distributorship in the matter pending before Judge Greene." Order in case 95c796 dated December 10, 1999.

Plaintiff served defendant a Notice of Default dated September 17, 1999, setting forth the substance of the aforesaid alleged events of default. This notice also set forth plaintiff's intention to terminate the agreement.[1] On October 18, 1999, plaintiff filed this action for declaratory relief requesting a declaration of default and breach of contract but making no request for declaratory relief concerning ter-

---

1. The notice evidences the clear intent to pursue the contractual right to terminate without judicial action:

> Pursuant to the Agreement of the parties, this correspondence constitutes notice of Siskin's intention to terminate the Agreement within the time period and consistent with the provisions contained in the Agreement.

In a prior Notice of Default, dated November 8, 1996, plaintiff made it plain that the termination procedure would not be invoked until and unless the validity of the claimed grievances were first determined by court action:

> [i]t is with great regret that we must proceed with termination *if the judicial process confirms the validity of the information we have received.* (Emphasis added.)

**1128**

mination. The next day, on October 19, 1999, without any reference to the lawsuit filed the previous day, plaintiff terminated the Wholesale Distribution Agreement by serving a notice of termination upon defendant.[2] Defendant responded by filing a counterclaim for wrongful termination and extensive discovery was conducted on the merits of the counterclaim.

The jury ultimately determined that material defaults by defendant had occurred, that such had not been cured and that defendant's counterclaim had not been established by a preponderance of the evidence. This court rendered findings and conclusions and adopted the findings by the jury in its Special Verdict. In its Findings, the court acknowledged and declared that the termination actions taken by plaintiff had been shown to have been based upon sufficient right to terminate, and acknowledged that the jury had determined that defendant's counterclaim for wrongful determination had failed, resulting in no cause of action. The form of Judgment prepared by the Clerk of this court was entered the same day as the court's Findings and Conclusions. Although the court directed the Clerk's Office to prepare a proposed form of Judgment, it had not been fully reviewed or

approved by the court prior to entry. However, it sets forth in substance the results of the litigation and no motion to alter or amend has been filed.

## ISSUE

The essential issue before the court is whether the declaratory judgment cause of action by plaintiff Siskin constitutes an "enforcing" of the Wholesale Distribution Agreement notwithstanding the unilateral and self operative action by plaintiff in terminating the agreement apart from the litigation.

## ANALYSIS

### I.

■ By definition, "enforcement" constitutes "the act of putting something such as law into effect; the execution of a law; the carrying out of a mandate or command." Black's Law Dictionary 528 (6th ed.1991). To terminate is "to put an end to; to make cease; to end," and "termination of a conditional contract" means "...doing away with existing agreement under agreed terms and consequences." Black's Law Dictionary 1471 (6th ed.1991). *See e.g. Stalnaker v. M.L.D.*, 939 P.2d 407 (Alaska

---

**2.** The notice in full states:

W.B.Stoddard, Jr., Inc.
Attention: Mr. W, V. Stoddard, Jr.
26405 Weston Drive
Los Altos Jills, CA 84022
Dear Mr. Stoddard:
The purpose of this correspondence is to notify you of the termination of all rights under the Wholesale Distribution Agreement (the "Agreement") between our two companies. Pursuant to Section 10(a) of the Agreement. Siskin Enterprises, Inc., elects to repurchase existing inventory of product from W.B. Stoddard, Jr., Inc. Siskin will send a representative(s) to Northern California within the next 10 days to take a physical count of your inventory, and thereafter, purchase the inventory from

Stoddard consistent with the terms of the Agreement.
For your information, any orders placed by dealers within your territory, up to and including the date of this notice, may be honored and satisfied through your existing inventory. Consistent with the foregoing, Siskin has honored and satisfied Stoddard's orders up to and including your P.O. #1038. Subsequent to the date hereof, Stoddard is no longer authorized to sell, distribute, promote, or otherwise disposed of product in its possession, which has been manufactured or supplied by Siskin Enterprises, Inc.
Sincerely,
/s/ Willard A. Nisson
Willard A. Nisson
Trial Exhibit 7.

1997) (holding under this definition that a disability of an employee did not exist at the time he was terminated from employment.)

The plain and unambiguous meaning of the word "enforcing" in the Agreement is to mandate compliance with existing contractual obligations. The plain and unambiguous meaning of the word "terminate" in the Agreement is to end, do away with and abrogate the contract.

## II.

■ By filing the instant declaratory judgment action, plaintiff did not seek a declaration that it had the right to terminate the Agreement, and no judicial action was sought to put into effect or to enforce the termination action taken by plaintiff. Although plaintiff sought a declaration that defaults had occurred, it had already determined as a predicate for the non-judicial termination that such defaults had already occurred. In any event, the Wholesale Distribution Agreement was fully terminated apart from the litigation substantially before the trial and jury verdict. Counsel for plaintiff characterized the declaratory judgment action not as an action seeking judicial declaration of the right to terminate, but as an action "to *validate* plaintiff's termination of defendant's distribution rights." (Plaintiff's Memorandum in Support of an Award of Attorney's Fees at p. 6.) (Emphasis added.)

A suit to validate or clarify rights does not constitute an action to *enforce* such rights. Hence, in *Connecticut General Life Ins. Co. of New York v. Cole,* 821 F.Supp. 193 (S.D.N.Y.1993) the court ruled that an action "solely to clarify one's obligations" under an agreement does not constitute a suit to "enforce" the Agreement. Id. at 197. The court said:

[a declaratory judgment] action brought solely to clarify one's obli-

gations as an insurer is *not* a suit to "enforce" the terms of an ERISA plan. In *Cottonwood Mall Co. v. Sine,* 830 P.2d 266 (Utah 1992) the Utah high court held that the trial court erroneously awarded attorneys fees and said

[t]o the extent Cottonwood Mall pursued rent accruing *after expiration* of the month-to-month tenancy, *it was not seeking to enforce the terms of the lease and is therefore not entitled to attorney fees* . . .

## III.

Plaintiff's actions in terminating the contract caused an end to the agreement. In terminating its relationship with defendant Stoddard, plaintiff terminated all provisions of the agreement, including the attorney fees provision. No language in the contract provided a means whereby the contract could be partially abrogated. It is hornbook law that "in the absence of an express provision therefor, a contract cannot be partially abrogated under a provision for its termination." 18 C.J.S. Contracts § 447 (1999). Consequently, when Siskin terminated the contract, the entire relationship between the parties under the contract ended. *See HGS Homes v. Kelly Residential Group, Inc.,* 948 S.W.2d 251, 255 (Mo.Ct.App.1997)(holding that when a contract is terminated all provisions are terminated and all contracted rights are wholly abandoned).

This court finds that plaintiff purposely and deliberately, after due consideration, elected to terminate the Wholesale Distribution Agreement between the parties without requesting or awaiting any judicial declaration of the right to do so. Plaintiff did not require any order or action by the court, and did not make any request for judicial declaration or otherwise concerning the right or efficacy of plaintiff's abrogation of the contract and termination of

defendant's exclusive distributorship. Plaintiff pursued the non judicial course of termination at the same time it sought a judicial declaration concerning alleged defaults and breach of contract. However, the termination became effective and complete, as plaintiff intended, wholly apart from and regardless of the outcome of the judicial proceeding concerning alleged defaults and breach of contract. Clearly, plaintiff intended to effect termination immediately by its actions apart from the litigation. By doing so the termination would be a *fait accompli*, whether plaintiff were to prevail or fail to prevail in the litigation. Having effected non-judicial termination, plaintiff was prepared to defend and face the consequences of a possible ruling in favor of defendant that the termination was wrongful.

This court concludes and rules that the termination actions of plaintiff did not come within the meaning of the contractual provision relating to attorney fees for "enforcing" the Agreement, and since the contract had been unilaterally completely abrogated and the Wholesale Distribution Agreement terminated, the declaratory judgment action could not be deemed to "enforce" other terms of the then nonexistent contract. Accordingly, this court rules that under the circumstances of this case plaintiff had no contractual right to attorneys fees in order to obtain validation of its action of termination. Likewise, it had no contractual right to attorneys fees for defending the counterclaim asserted by defendant for wrongful termination, and it had no right to claim non-taxable costs.

Based upon the foregoing, it is hereby

ORDERED, that plaintiff's Motion for an Award of Attorney's Fees and Non–Taxable Costs is DENIED.